UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In Re:

Thomas Hearn
Social Security No.:
xxx-xx-0217
Address:
1203 Berkely Street, Durham, 27705-

Case No. 10-81355
Chapter 7

Debtor

Thomas Hearn

                              Plaintiff

v.

Persels & Associates, P.L.L.C.

                             Defendant

Adversary Proceeding No.: _____

## COMPLAINT

The Plaintiff, above named, respectfully alleges as follow:

1. That this matter is , pursuant to 28 U.S.C. § 157(b)(2)(A) and *Harman v. Levin*, 772 F.2d 1150, 1153 (C.A.4 (Va.) 1985), a core proceeding.

2. This Complaint was filed, pursuant to 11 U.S.C. § 329, and in accordance with Bankruptcy Rules 2017 and 7001, to recover money from Defendant.

3. The Debtor filed a voluntary Chapter 7 bankruptcy petition on July 30, 2010.

4. The Debtor listed as an asset "Possible Claims against Persels & Associates, LLC." on Schedule B of his petition.

5. The Debtor disclosed in the Statement of Affairs payments to Persels & Associates, LLC in the amount of $7,776.00 made between June 2009 and May 2010.

6. That pursuant to 11 U.S.C. § 329 (a):

    Any attorney representing a debtor in a case under this title, **or in connection with such a case,** whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if the payment or agreement was made after one year before the filing of the petition, for services rendered or to be rendered **in contemplation of or in connection with the case** by such attorney, and the source of such compensation. (Emphasis added.)

7. As stated in the Revision Notes and Legislative Reports to the 1978 Act, 11 U.S.C. § 329 is "derived in large part from current Bankruptcy Act 60d [section 969d) of former Title 11]."

8. In *Conrad, Rubin & Lesser v. Pender*, 289 U.S. 472, 53 S.Ct. 703 (1933), the Supreme Court held that in interpreting the phrase "in contemplation of" "the controlling question is with respect to the state of mind of the debtor and whether the thought of bankruptcy was the impelling cause of the transaction." *Id*. At 477.

9. In *Milavetz, Gallop & Milavetz, P.A. et al. v. United States*, 130 S.Ct. 1324, 1328 (2009), the Supreme Court reaffirmed this interpretation, albeit in connection with 11 U.S.C. § 526.

10. In *Conrad*, the corporate debtor had paid attorneys other than the attorneys that filed the bankruptcy, $2,000.00 shortly before filing bankruptcy in order to "negotiate a 50 per cent. cash settlement and was to assist the corporation in hypothecating its accounts receivable in order to obtain the necessary money to carry out such as settlement." *Conrad* at 704.

11. In the present case, the Debtor retained Persels & Associates, P.L.L.C. "for a sixty month period of the purposes of reorganizing his unsecured debt by negotiating compromises with his creditors, providing unlimited legal advice with the scope of representation, and providing litigation support in the event that he was sued by one or more of his creditors."

12. Additionally, Persels & Associates "were attempting to provide Mr. Hearn with a bankruptcy consultation pursuant to his request."

13. That the Debtor "represented that he wished to avoid filing for bankruptcy", supports a finding that services to Mr. Hearn were "in contemplation of" filing bankruptcy as "negotiations to prevent bankruptcy may demonstrate that the thought of bankruptcy was the impelling cause of the payment." *Conrad* at 479.

14. Further, Persels & Associates, P.L.L.C. provided the Debtor with the disclosures required by 11 U.S.C. §§ 527(a) & (b).

15. Upon a finding that the payments to Persels & Associates were "in contemplation of" bankruptcy, Federal Bankruptcy Rule 2017(a) allows:

[o]n motion by any party in interest or on the court's own initiative, the court after notice and hearing may determine whether any payment of money or any transfer of property by the debtor, made directly or indirectly and in contemplation of the filing of a petition under the Code by or against the debtor or before entry of the order for relief in an involuntary case, to an attorney for services rendered or to be rendered is excessive.

16. Further, 11 U.S.C. § 329(b) provides that:

If such compensation exceeds the reasonable value of any such services, the court may cancel

any such agreement, or order the return of any such payment to the extent excessive to -
(1) the estate, if the property transferred-
   (A) would have been property of the estate; or
   (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 under this title; or
(2) the entity that made such payment.

17. Upon information and belief, the payments made to Persels & Associates, P.L.L.C. exceeded the reasonable value of such services as:

   a. Upon information and belief, such representation specifically excluded court appearances, answering interrogatories, responding to demands for production of documents and preparation of legal memoranda.

   b. Upon information and belief, of the funds that were to be paid by the Debtor during the first eighteen months, virtually all such funds were to be applied to the total attorney fee of $8,240.00. Until such time Persels & Associates would have 'limited funds available for settlement."

18. Further, upon information and belief, this case is substantially similar to that decided by Judge Robert E. Nugent, Chief Bankruptcy Judge for the District of Kansas, in *In re Wood*, Case Number 08-12333, Docket Number 40 (Bankr. Kansas July 27, 2009) both in the services provided and the parties involved.

WHEREFORE, the Debtor respectfully requests that the Court find that the amounts paid to Defendants exceeded the reasonable value of any such services, cancel such agreement and order the return of all payments made by the Plaintiff to the Defendant. Further, the Debtor requests any additional relief that the Court determines just and proper.

Dated: December 10, 2010

**LAW OFFICES OF ORCUTT, BLEDSOE & BOLTZ, P.C.**

/s Edward Boltz
_____
Edward Boltz
Attorney for the Plaintiff
North Carolina State Bar No.: 23003
1738-D Hillandale Rd.
Tel. No. (919) 286-1695
eboltz@johnorcutt.com