UNITED STATE BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| In Re:<br>Thomas Hearn<br>Social Security No.:<br>XXX-XX-0217<br>Address:<br>1203 Berkely Street, Durham NC 27705<br><br>　　　　　Debtor. | Case No.:　10-81355<br>Chapter 7 |
| THOMAS HEARN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PERSELS & ASSOCIATES, P.L.L.C.,<br><br>　　　　　Defendant. | Adversary Proceeding No.:<br>10-9116 |

**REPLY OF DEFENDANT PERSELS & ASSOCIATES, P.L.L.C.
TO COMPLAINT OF THOMAS HEARN
(INCLUDING MOTION TO DISMISS)**

NOW COMES defendant Persels & Associates, P.L.L.C. ("Persels"), by and through counsel, responds to plaintiff's complaint as follows:

**FIRST DEFENSE and MOTION TO DISMISS**

Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules") for failure to state a claim upon which relief may be granted and Rule 12(b)(1) for want of jurisdiction and Plaintiff's lack of standing to pursue a claim under 11 U.S.C. § 548.

1

## SECOND DEFENSE
## (Response to Numbered Allegations of Thomas Hearn's Complaint)

1. Paragraph 1 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Persels denies the allegations of Paragraph 1 of the Complaint as the trustee has abandoned the cause of action and thus it is *not* "a matter concerning the administration of the estate" and further, plaintiff does not state grounds for a dispute over the reasonableness of attorneys' fees applied for pursuant to 11 U.S.C. § 330 as analyzed in <u>Harman v. Levin</u>, 772 F.2d 1150, 1153 (4th Cir. 1985). Rather, the alleged dispute is one in which Plaintiff alleges and seeks relief where he has no standing pursuant to 11 U.S.C. § 548, as such actions are reserved for the trustee (who has abandoned the claim), and where Plaintiff has failed to pursue his claim in the courts of North Carolina.

2. Paragraph 2 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Persels denies the allegations of Paragraph 2 of the Complaint as Plaintiff is attempting to apply inappropriately 11 U.S.C. § 329 as he lacks standing and grounds to bring a claim pursuant to 11 U.S.C. § 548.

3. Admitted, upon information and belief.

4. Admitted, upon information and belief. It is further admitted, upon information and belief, that the Trustee abandoned and elected not to pursue any potential claim against Persels pursuant to 11 U.S.C. § 548 leaving Plaintiff with only state causes of action that he has failed to pursue. It is further admitted that Plaintiff, via letter from his counsel dated May 27, 2010 (but not received by Persels until August 19, 2010), published to third parties unsubstantiated, negligently investigated and

2
Case 10-09116   Doc 13   Filed 02/14/11   Page 2 of 6

libelous statements -- including meritless allegations of criminal activity – of and concerning Persels despite acknowledging that N.C. Gen. Stat. § 14-426 exempting attorneys licensed in North Carolina from North Carolina's debt adjustment statute.

5. Admitted, upon information and belief.

6. It is admitted that 11 U.S.C. § 329 (a) contains -- without the emphasis inserted by Plaintiff -- the provision cited in Paragraph 6 of the Complaint. It is specifically denied that Persels represented Plaintiff "in connection with" or "in contemplation of" his petition for Chapter 7 Bankruptcy protection. To the contrary, Plaintiff did not engage Persels nor did Persels accept Plaintiff as a client seeking bankruptcy. See Retainer Agreement paragraph 17, a true and accurate copy of which is attached here as Exhibit 1. Except as admitted, Persels denies the remaining allegations of Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Persels denies the allegations of Paragraph 7 of the Complaint as the assertion is irrelevant to the matter at hand.

8. Paragraph 8 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Persels denies the allegations of Paragraph 8 of the Complaint as the assertion is irrelevant to the matter at hand and flies in the face of the engagement agreement wherein Plaintiff seeks to avoid bankruptcy.

9. Paragraph 9 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Persels denies the allegations of Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Persels denies the allegations of Paragraph 10 of the Complaint as it is irrelevant to the issues raised by Plaintiff here. Persels admits that the issue in <u>Conrad</u> was whether the payment made to counsel should be returned to the bankruptcy estate. Any recovery for Plaintiff -- the justification of which is wholly denied -- would not become part of the bankruptcy estate. Except as admitted, Persels denies the remaining allegations of Paragraph 10 of the Complaint.

11. It is admitted that on April 1, 2009, Plaintiff, by electronically signing the Exhibit 1, retained Persels for a period of sixty months. It is further admitted that Plaintiff stopped making payments to Persels on or about May 27, 2010, saying that he was contemplating filing for bankruptcy protection. It is also admitted that Plaintiff terminated the representation on or about July 23, 2010. It is admitted that over the course of the agreement, Plaintiff paid into Persels' trust account a total of $8,524.00, $1,444.00 of which was refunded on August 2, 2010, with the remaining $7080.00 being disbursed as legal fees to Persels under the retainer agreement. Finally, it is admitted that the passage cited in Paragraph 11 of the Complaint is a portion of the scope of retainer of Persels by Plaintiff. It is further admitted that Exhibit 1 contains the entire scope of retainer. Except as admitted, the remaining allegations contained in Paragraph 11 of the Complaint are denied.

12. Paragraph 12 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Persels denies the allegations of Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint states legal conclusions to which no

response is required. To the extent a response is deemed required, Persels denies the allegations of Paragraph 13 of the Complaint as the assertion and argument raised by Plaintiff is tautological.

14. It is admitted that Persels made disclosures required to be made by a "debt relief agency" pursuant to 11 U.S.C. §§ 527(a) and (b) and case law interpreting its scope to include law firm practicing in the areas of both debt resolution and bankruptcy. It is specifically denied that Persels was engaged by Mr. Hearn to pursue bankruptcy filings on his behalf or in contemplation of bankruptcy. To the contrary, Mr. Hearn acknowledged to Persels in accepting the disclosures that:

> I understand that the law firm, by providing me with this NOTICE, is not offering to provide me with legal services relating to Bankruptcy or with any other Bankruptcy assistance by virtue of this NOTICE.

Except as admitted, Persels denies the remaining allegations of Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Persels denies the allegations of Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Persels denies the allegations of Paragraph 16 of the Complaint as 11 U.S.C. § 329 is not applicable to this matter and because the desired recovery of funds paid to Persels would not inure to the benefit of the estate or would be paid on behalf of the Plantiff under a plan under Chapters 11, 12 or 13.

17. Paragraph 17 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Persels denies the

allegations of Paragraph 17 of the Complaint.

18. Denied.

WHEREFORE, Persels respectfully requests that:

1. the Complaint be dismissed with prejudice;

2. Plaintiff have and recover nothing of Persels;

3. the costs of this action be taxed against Plaintiff; and

4. for other such relief which is just and appropriate.

This the _____ day of February, 2011.

**STEVENS MARTIN VAUGHN & TADYCH, PLLC**

___/s/ Michael J. Tadych_____
Michael J. Tadych
N.C. Bar. No. 24556
1101 Haynes Street, Suite 100
Raleigh, NC 27604-1455
Telephone: (919) 582-2300
Facsimile: (866) 593-7695

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **REPLY OF DEFENDANT PERSELS & ASSOCIATES, P.L.L.C. TO COMPLAINT OF THOMAS HEARN (INCLUDING MOTION TO DISMISS)** was served upon all parties, through counsel electronically, upon the following parties:

Edward Boltz
Law Offices of Orcutt, Bledsoe & Boltz, P.C.
1738-D Hillandale Road
Durham, North Carolina 27705

This the _____ day of February, 2011.

___/s/ Michael J. Tadych_____
Michael J. Tadych