UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Thomas Hearn, | ) | Case No. 10-81355 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Thomas Hearn | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. No. 10-09116 |
| | ) | |
| vs. | ) | |
| | ) | |
| Persels & Associates, P.L.L.C. | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND OPINION**

THIS MATTER came on for hearing before the undersigned bankruptcy judge upon the Defendant's Motion to Dismiss this Adversary Proceeding for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), and for Plaintiff's lack of standing to pursue a claim under 11 U.S.C. § 548. Edward Boltz appeared on behalf of the Plaintiff and Michael Tadych appeared on behalf of the Defendant.

## FACTS

The Plaintiff alleges the following facts in the Complaint:

On April 1, 2009, Thomas Hearn ("Plaintiff") enrolled in a Debt Resolution Plan to be administered by the law firm of Persels & Associates, PLLC ("Defendant"). A copy of the Retainer Agreement is attached to the Reply of Defendant Persels & Associates, P.L.L.C. to Complaint of Thomas Hearn (Including Motion to Dismiss) as Exhibit 1. According to the terms of the Retainer Agreement, the Defendant was to debit the Plaintiff's bank account in the amount of $648.00 per month, beginning on May 1, 2009, for an estimated period of 60 months. These funds were to be deposited into an attorney escrow account for distribution to the Plaintiff's creditors. Once balances had accumulated in the attorney escrow account, the Defendant was to contact the Plaintiff's creditors to try to negotiate a payment plan or settlement offer. The Retainer Agreement provided that the Plaintiff was to pay a legal fee totaling $8,240.00 over the first 18 months of the plan.

The Plaintiff terminated his relationship with the Defendant on July 23, 2010. One week later, on July 30, 2010, the Plaintiff filed a petition for relief under Chapter 7 of the Bankruptcy Code. On his Statement of Financial Affairs, the Plaintiff disclosed payments to the Defendant in the amount of $7,776.00 made between June 2009 and May 2010. In addition, on Schedule B, the Plaintiff listed a possible consumer rights claim against the Defendant with an unknown value. The Court granted the Plaintiff a discharge under 11 U.S.C. § 727 on November 12, 2010.

On October 11, 2010, the Court entered an Order granting Plaintiff's Motion to Compel Abandonment of any claims that the estate may have against the Defendant under 11 U.S.C. § 329(a) and Federal Rule of Bankruptcy Procedure 2017(a).

On December 10, 2010, the Plaintiff filed this adversary proceeding, pursuant to § 329 of the Code, requesting that the Court: (1) find that the amounts paid to the Defendant exceeded the reasonable value of such services; (2) cancel the agreement between the parties; and (3) order the return of all payments made by the Plaintiff to the Defendant.

## MOTION TO DISMISS STANDARD

A party may object, pursuant to Federal Rule of Civil Procedure 12(b)(1), that a federal court lacks subject-matter jurisdiction at any stage in the litigation. Fed. R. Civ. P 12(b)(1); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S.Ct. 1235, 1240 (2006). Where, as here, a party contends that a "complaint fails to allege facts upon which subject-matter jurisdiction can be based, . . . all the facts in the complaint are assumed to be true." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). The plaintiff, as the party asserting jurisdiction, has the burden of proving subject-matter jurisdiction is valid. *Id.*

When considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), the court is to "challenge[] the legal sufficiency of a complaint," while, at the same time, "[assume] that the facts alleged are true." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"*Aschcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1960 (1955).

**DISCUSSION**

*I. Jurisdiction*

Pursuant to 28 U.S.C. § 1334 and Local Rule 83.11 of the United States District Court for the Middle District of North Carolina, this Court has original jurisdiction of all cases under title 11. These cases can be divided into three groupings: "those that 'aris[e] under title 11'; those that 'aris[e] in' a Title 11 case; and those that are 'related to a case under title 11.'" *Stern v. Marshall*, ___ U.S.___, ___, 131 S.Ct. 2594, 2603 (2011) (citing 28 U.S.C. § 157(a)). In the present case, the Plaintiff brings a claim under 11 U.S.C. § 329(a) and Federal Rule of Bankruptcy Procedure 2017(a). As the claim concerns the operation of both Title 11 and the Bankruptcy Rules, it is a core proceeding under 28 U.S.C. § 157(b)(2). *In re Campbell*, 259 B.R. 615, 618 (Bankr. N.D. Ohio 2001).

The Defendant contends that, even if the present matter was a core proceeding originally, it no longer is because the Trustee abandoned any claims that the estate may have had against the Defendant under § 329(a) and Rule 2017(a). Thus, the Defendant argues, the case is no longer a "matter[] concerning the administration of the estate . . . ." 11 U.S.C. § 157(b)(2). The Court is not persuaded by the Defendant's argument.

Section 329 of the Bankruptcy Code dictates:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to

>    the extent excessive, to--
>       (1) the estate, if the property transferred--
>          (A) would have been property of the estate; or
>          (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or
>       (2) *the entity that made such payment.*

11 U.S.C. § 329 (emphasis added). Furthermore, Rule 2017(a) of the Federal Rules of Bankruptcy Procedure states:

> On motion by any party in interest or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property by the debtor, made directly or indirectly and in contemplation of the filing of a petition under the Code by or against the debtor or before entry of the order for relief in an involuntary case, to an attorney for services rendered or to be rendered is excessive.

Fed. R. Bankr. P. 2017(a). Neither § 329 nor Rule 2017(a) prohibit bankruptcy courts from ordering the disgorgement of fees paid from non-exempt funds. *Walters v. Burd (In re Walters)*, 868 F.2d 665, 668 (4th Cir. 1989). The applicability of § 329 and Rule 2017(a) is conditioned upon the nature of the services rendered rather than the source of the payment. *Id.*; *see also In re 5900 Associates, Inc.*, 468 F.3d 326, 330 (6th Cir. 2006) (citing *Henderson v. Kisseberth (In re Kisseberth)*, 273 F.3d 714, 718-19 (6th Cir. 2001). In fact, by stating that the excessive compensation may be returned to "the entity that made such payment," § 329 specifically contemplates circumstances where the funds will not benefit the estate. § 329(b)(2). If the excessive payment is property of the estate, then it should be returned to the debtor's estate; however, if the excessive payment is not property of the estate, then it should be returned to the source of such payment. *In re Greco*, 246 B.R. 226, 231 (Bankr. E.D. Penn. 2000).

In the present case, the Trustee, pursuant to 11 U.S.C. § 554, abandoned any claims that the Debtor had against the Defendant under § 329 and Rule 2017(a). Once the Court entered the

5

Order granting the Motion to Compel Abandonment, the Debtor's claims against the Defendant ceased to be property of the estate. *In re Prescott*, 402 B.R. 494, 501 (Bankr. D.N.H. 2009); *see* 11 U.S.C. 541(a). The fact that the claims are no longer property of the estate does not deprive the Court of subject-matter jurisdiction. It simply means that, should the Court determine that the compensation paid to the Defendant was excessive, the payments will be returned to the Plaintiff, as the source of such payments.

Moreover, the Court also concludes that the closing of the underlying bankruptcy case on January, 11, 2011 did not strip the Court of subject matter jurisdiction. The language of 28 U.S.C. 1334 does not indicate that a bankruptcy court's jurisdiction over a matter that arises under title 11 expires upon the administrative closing of the case. *In re Henderson*, 360 B.R. 477, 484 (Bankr. D.S.C. 2006). Several courts have held that jurisdiction over attorneys' fees remains valid even after the underlying bankruptcy case has been closed. *See, e.g., In re 5900 Associates, Inc.*, 468 F.3d at 330 ("Dismissal of a case . . . cannot abrogate the bankruptcy court's statutory duty to review."); *In re Henderson*, 360 B.R. at 484 ("The fact that these cases are closed does not divest this Court of jurisdiction as jurisdiction is not dependent on the technicality of a case being 'open.'"); *In re Quaker Distributors, Inc.*, 189 B.R. 63, 68 (Bankr. E.D. Pa. 1995) ("[T]here is no reason to conclude that dismissal of a case could or should eliminate bankruptcy court review of a debtor's transactions with its professionals.").

*II. The Scope of Professional Services Contemplated by § 329.*

An attorney who represents a debtor in a bankruptcy case, or in connection with a bankruptcy case, is required to file with the court a statement of compensation paid, or agreed to be paid, regardless of whether such attorney actually applies for compensation. 11 U.S.C. §

329(a). Rule 2016(a) dictates that the statement detailing the disclosure of compensation shall be filed within 14 days of the order for relief. Fed. R. Bankr. P. 2016(b). Rule 2017(a) enables a party in interest to request that the court review any payment made "in contemplation of the filing of a petition under the Code" to determine if such payment for services rendered was excessive. Fed. R. Bankr. P. 2017(a). The attorney seeking compensation carries the burden of proof regarding the reasonableness of the fees. *E.g., In re Wood,* 408 B.R. 841, 848 (Bankr. D. Kan. 2009).

Bankruptcy courts have historically scrutinized compensation paid to a debtor's attorney. Mark I. Bane et. al, Collier on Bankruptcy, ¶ 329.01 (Lawrence P. King et. al eds., 15th ed. rev. 2003) (1979). Section 60d of the Bankruptcy Act of 1898 and former Bankruptcy Rule 220, which preceded the current Bankruptcy Code, empowered courts to review *sua sponte* payments made to an attorney by a debtor in contemplation of bankruptcy. *Id.* ¶ 329.LH.; *see In re GIC Government Services, Inc.*, 92 B.R. 525, 529 (Bankr. M.D. Fla. 1988). Like their predecessors, § 329 and Rule 2017 are founded upon the need for judicial review of the agreement between the debtor and its attorney to preserve assets for creditors and to safeguard the disadvantaged debtor. Collier on Bankruptcy, ¶ 329.LH.[4][a]. The Fourth Circuit has stated that "[t]he provisions are meant to protect the creditors 'and the debtor against overreaching' by attorneys." *In re Walters*, 868 F.2d at 668 (quoting Advisory Committee Note to B.R. 2017). *See also Jensen v. U.S. Trustee (In re Smitty's Truck Stop, Inc.)*, 210 B.R. 844, 848 (10th Cir. B.A.P. 1997). It is for this reason that § 329 and Rule 2017 require bankruptcy courts analyze excessive payments made to a debtor's attorney and order that such payments be refunded when the court determines that the legal services rendered were not commensurate with the amount paid. *In re Campbell*, 259 B.R.

at 626 (Bankr. N.D. Ohio 2001) (citing *In re Martin*, 817 F.2d 175, 180 (1st Cir.1987)).

The phrase, "in contemplation of or in connection with," found in § 329(a), "is written in the disjunctive" and incorporates two distinct concepts that courts are to employ when evaluating professional services. *In re Mayeux*, 269 B.R. 614, 622 (Bankr. E.D. Tex. 2001) (citing *In re Keller Fin. Serv. of Fla., Inc.*, 248 B.R. 859, 877 (Bankr.M.D.Fla.2000)). To determine if professional services were rendered "in contemplation of bankruptcy," courts are to apply a subjective test that looks to "whether . . . the debtor is influenced by the possibility or imminence of a bankruptcy proceeding." *Wootton v. Ravkind (In re Dixon),* 143 B.R. 671, 675, n. 3 (Bankr.N.D.Tex.1992). Courts generally interpret this provision of § 329 broadly. *Brown v. Luker (In re Zepecki)*, 258 B.R. 719, 724 (8th Cir. B.A.P. 2001), *aff'd* 277 F.3d 1041 (8th Cir. 2002). *See generally In re Gage*, 394 B.R. 184, 194 (Bankr. N.D. Ill. 2008) (holding that fee paid to debtor's attorney for drafting of forbearance proposal letter was "in contemplation" of the debtor's bankruptcy case); *In re Perrine*, 369 B.R. 571, 585 (Bankr. C.D. Cal. 2007) (holding that the debtor's transfer of non-exempt assets to his attorney for future legal services was "in contemplation of bankruptcy"); *Wootton*, 143 B.R. at 676 (holding that prepetition transfer to criminal defense attorney was made "in contemplation of bankruptcy" because bankruptcy counsel had already been retained in another state"). In addition, when determining if professional services were rendered "in connection with" a bankruptcy, courts apply an objective test that looks to whether "the services rendered . . . will have an impact on the bankruptcy case." *In re Mayeux*, 269 B.R. at 622 (citing *In re Keller Fin. Serv. of Fla., Inc.*, 248 B.R.at 879).

The fee paid to the Defendant was made "in contemplation" of bankruptcy because it was the Plaintiff's goal to avoid filing bankruptcy. The Supreme Court stated in *Conrad, Rubin &*

*Lesser v. Pender*, 289 U.S. 472, 53 S.Ct. 703 (1933), that "negotiations to prevent bankruptcy may demonstrate that the thought of bankruptcy was the impelling cause of the payment. 'A man is usually very much in contemplation of a result which he employs counsel to avoid.'" *Id*. at 479, 53 S.Ct. at 705 (citation omitted). *See also Arens v. Boughton, (In re Prudhomme)*, 43 F.3d 1000, 1004 (5th Cir. 1995) (holding that a retainer was paid "in contemplation of bankruptcy" where the debtors were in dire financial straits and the attorney was specifically retained to resolve disputes with the debtors' largest creditor). In *Conrad*, as in the present case, the debtor retained counsel to negotiate a settlement with unsecured creditors. *Id*. at 474, 53 S.Ct. at 704. The debtor's main objective in *Conrad* was to avoid filing bankruptcy. The same is true in the present case. The Retainer Agreement specifically states that, "You understand that it is assumed you enrolled in our debt reduction program because you are insolvent, having financial difficulties with your unsecured debts and have used our plan *to avoid filing for bankruptcy*." Therefore, because the Plaintiff retained the Defendant to avoid filing bankruptcy, the Court finds that the payments made to the Defendant were made "in contemplation" of bankruptcy and thus warranted disclosure under § 329(a).[1]

---

[1] Because the Court concludes that the Plaintiff may proceed with his claim under § 329 and Rule 2017(a), the Court need not address the Defendant's argument that the Plaintiff lacks standing to pursue a claim under § 548.

**CONCLUSION**

For the foregoing reasons, the Court concludes that: (1) this is a core proceeding under 28 U.S.C. § 157(b)(2); and (2) the services rendered by the Defendant were performed "in contemplation of bankruptcy." Accordingly, the Defendant's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

# SERVICE LIST

Thomas Hearn
1203 Berkely Street
Durham, NC 27705

Edward C. Boltz
Attorney for Plaintiff

Michael J. Tadych
Attorney for Defendant

John A. Northen
Trustee